UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHARLES LINDEN and RONALD LANDER,

    Plaintiffs,

v.

X2 BIOSYSTEMS, INC., *et al.*,

    Defendants.

Case No. C17-966RSM

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion to Compel. Dkt. #28. Plaintiffs seek an Order compelling Defendants to produce complete responses to Plaintiffs' First Requests For Production of Documents. *Id.* Defendants oppose the motion, arguing that there was no good faith meet and confer prior to bringing the motion, and that it is premature and/or meritless in any event. Dkts. #30 and #31. For the reasons set forth below, the Court DENIES Plaintiffs' motion.

## II.    BACKGROUND

On June 27, 2017, Plaintiffs filed the instant employment matter, alleging claims for breach of contract and deprivation of wages and willful deprivation of wages in violation of RCW 49.52.050 and RCW 49.52.070. Dkt. #1. Since the filing of the Complaint and Answers thereto, this matter has proceeded through the normal course of litigation. Trial is currently scheduled for August 20, 2018, the discovery deadline is April 23, 2018, and dispositive

ORDER - 1

motions are due by May 22, 2018.  Dkt. #22.

Plaintiffs served Defendants X2, Wu, and Flaim with a First Request for Production of Documents by electronic mail on September 19, 2017, and Defendant Siege by electronic mail and U.S. mail on September 19 and 21, 2017, respectively.  Dkt. #29 at ¶ 3 and Ex. A thereto. Defendants X2, Wu and Flaim accepted service in electronic form, and therefore, pursuant to Federal Rule of Civil Procedure 34, their responses were due by or before October 19, 2017. Defendant Siege did not respond to Plaintiffs' request for acceptance of service electronically, accordingly his responses were due on or around October 24, 2017.

On October 10, 2017, counsel for Defendants X2, Wu and Flaim emailed Plaintiffs' counsel and explained that gathering documents and responses were proving difficult, and that he expected to have responses and documents by November 9, 2017.  Dkt. #29, Ex. B.  He asked counsel to respond if they needed to discuss the matter further.  *Id.*  Plaintiffs' counsel responded that she would allow an extension of time until November 2, 2017, for X2, provided that she received responses from Defendants Wu and Flaim by October 19, 2017.  Dkt. # 29, Ex. C.

On October 19, 2017, Plaintiffs received responses and objections from Defendants Wu, Flaim and Siege.  Dkt. #29, Exs. D-1, D-2 and D-3.  On November 2, 2017, Defendant X2's counsel emailed Plaintiffs' counsel to notify her that X2's objections and responses would be complete on November 3, 2017.  Dkt. #29, Ex. E.  Plaintiffs' counsel agreed to receive the responses on November 3rd.  *Id.*  On November 3rd, Defendant X2's counsel sent another email stating there was an additional delay.  Dkt. #29, Ex. F.  Defendant X2's responses and objections were provided to Plaintiffs on November 4, 2017.  Dkt. #29 at ¶ 10 and Ex. H thereto.  That same day, Plaintiffs' counsel emailed counsel for Defendants X2, Wu

ORDER - 2

and Flaim, stating that if responsive documents were not received, she would file a motion to compel. Dkt. #29, Ex. I. On November 9, 2017, Plaintiffs received a document production from Defendants X2, Wu and Flaim. Dkt. #29 at ¶ 13.

In the meantime, on November 3rd, Plaintiffs' counsel sent email correspondence to Defendant Siege's counsel, stating that she had received objections, but no responses, and inquiring as to when responses to discovery would be forthcoming. Dkt. #29, Ex. G. Plaintiffs' counsel sent additional correspondence to Defendant Siege's counsel on November 6th and 9th. Defendant Siege's counsel responded that they were working on producing responsive documents, and that he would be happy to schedule a meet and confer if necessary. Dkt. #29, Ex. J.

On November 15, 2017, Plaintiffs' counsel sent email correspondence to all defense counsel asking for a meet and confer. Dkt. #29, Ex. K. On November 17, 2017, Plaintiffs' counsel had separate telephonic meet and confers with defense counsel. Dkt. #29 at ¶ ¶ 15-16.

On November 29, 2017, Defendant Siege's counsel sent email correspondence to Plaintiffs' counsel stating that a secure FTP was being set up to access electronically searchable documents, and asking that a Protective Order be signed as some of the documents would be marked confidential. Dkt. #29, Ex. L. Plaintiffs' counsel agreed to sign, with one minor change to the proposed order, and asked when documents would be produced. Dkt. #29, Ex. M.

On December 5, 2017, Plaintiffs' counsel sent email correspondence to counsel for Defendants X2, Wu and Flaim, noting that it had been two and a half weeks since the meet and confer and nothing had been produced. Dkt. #29, Ex. N. Plaintiffs' counsel again noted

ORDER - 3

that she would be forced to file a motion to compel if no documents were produced. *Id.* Plaintiffs' counsel sent the same correspondence to Defendant Siege's counsel. *Id.* Defendant Siege's counsel responded that he had been waiting for comments on the proposed Protective Order from co-Defendants' counsel. Dkt. #29, Ex. O. Correspondence regarding the proposed protective order continued over the next several weeks.[1] Dkt. #29, Exs. P-BB.

After receiving no further documents, and having failed to finalize a proposed Protective Order, Plaintiffs' counsel filed the instant motion on January 10, 2018. Dkt. #28. The motion is now ripe for review.

### III. DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). On this motion, Plaintiffs ask the Court to compel responses

---

[1] On December 11, 2017, Defendant Siege produced some non-confidential documents to Plaintiffs. Dk. #29 at ¶ 25.

ORDER - 4

from Defendants to their First Requests for Production, the Defendants' objections be stricken, and that the Court enter Plaintiffs' proposed protective Order as attached to their motion. Dkt. #28 at 11.

As an initial matter, the Court addresses Defendants' contention that Plaintiffs did not properly meet and confer prior to filing this motion. Local Civil Rule 1(c)(6) defines "meet and confer" as "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." When bringing a motion to compel or for a protective order, counsel must certify "that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference." LCR 26(c)(1) and 37(a)(1).

While Plaintiffs' counsel did certify that she met and conferred with Defendants regarding the failure to produce documents, there are no other details from which the Court may discern whether that meet and confer was adequate to address all of the issues raised in the instant motion. *See* Dkt. #29 at ¶ ¶ 15 and 16. Further, there is no indication of a meet and confer with respect to a proposed Protective Order. Defendants assert that the meet and confer held on November 17th did not cover any specific responses or objections to Plaintiffs' discovery requests or the production of a privilege log. Dkts. #30 at 8-9 and #31 at 6-7.

Moreover, Plaintiffs have made it difficult for the Court to discern which specific requests they assert are deficient, as they have not discussed specific requests or the responses and/or objections thereto. Instead, Plaintiffs have simply asked the Court to compel complete responses, strike objections and enter their own proposed Protective Order. Dkt. #28. Given the numerous requests for production and the responses from Defendants to those requests,

ORDER - 5

many of which assert there are no responsive documents, the Court cannot meaningfully analyze the motion or direct responses to the pending discovery. For all of these reasons, the motion will be denied.

## IV. CONCLUSION

Having reviewed Plaintiffs' motion, the oppositions thereto and reply in support thereof, along with the Declarations and Exhibits and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel (Dkt. #28) is DENIED without prejudice to renewal after an adequate meet and confer. **Should Plaintiffs find that a meet and confer is necessary in this matter, such meet and confer shall be held <u>in person</u> at a mutually agreeable date and time. Defendants' counsel shall: 1) respond to Plaintiffs' request for meet and confer within 48 hours of such request, and 2) agree to meet on a date within 14 calendar days of the request being made. At any such meet and confer, Plaintiffs' counsel shall raise, and counsel shall discuss, deficiencies specific to each request for production. The parties shall also discuss any proposed Protective Order. Any new motion to compel shall identify deficiencies with specificity such that this Court can adequately analyze and address the discovery issues that remain.**

DATED this 20 of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE