UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES LINDEN AND RONALD LANDER,<br><br>Plaintiffs,<br><br>v.<br><br>X2 BIOSYSTEMS, INC., *et al.*,<br><br>Defendants. | Case No. C17-966RSM<br><br>ORDER DENYING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Motion for a Temporary Restraining Order Staying Discovery on an Interim Basis Pending Decision on Motion for Stay of Discovery. Dkt. #57. Having considered the motion and the record and for the reasons set forth below, the Court DENIES Defendants' motion.

## II. BACKGROUND

Plaintiffs filed this action for breach of contract and deprivation of wages on June 27, 2017. Dkt. #1. Defendants answered on August 11, 2017. Dkts. #15, 16, 17.[1] The Court issued an Order Setting Trial Date and Related Dates on August 25, 2017, and required that all discovery related motions be filed by March 22, 2018, and that discovery be completed by April 23, 2018.

---

[1] Defendant Brian Flaim filed an answer on September 8, 2017. Dkt. #23.

ORDER – 1

Dkt. #22. Defendants filed a Motion for Relief from Discovery Deadlines or for Stay of Discovery ("Motion for Stay") concurrently with a Motion for Judgment on the Pleadings ("Motion for Judgment") on March 29, 2018. Dkts. #51, 55. The Motion for Stay is noted for April 6, 2018, and the Motion for Judgment is noted for April 20, 2018. On April 2, 2018, Defendants filed the instant Motion for Temporary Restraining Order to Stay Discovery. Dkt. #57.

Defendants seeks a TRO because they believe that the Court may not rule on their Motion for Stay before the expiration of the discovery deadline. Dkt. #57 at 2. Defendants explain that until the close of discovery, and "absent a stay of discovery, both sides will be producing documents, responding to written discovery, and taking and defending depositions." *Id.* at 4. Defendants do not specify the pending discovery to be completed or the number or dates of depositions.

Defendants apparently believe that their prior Motion for Stay may be largely moot as the Court will not have an opportunity to rule on the motion prior to the parties substantially completing discovery, but have not withdrawn that motion. *Id.* at 2, 4. Rather, Defendants have filed this Motion for Temporary Restraining Order to Stay Discovery, presumably in an attempt to obtain expedited consideration from the Court.

### III. DISCUSSION

The standards for issuing a TRO are similar to those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995). The Ninth Circuit has described the standards for deciding whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of

ORDER – 2

> irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

*Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A).

> The Ninth Circuit has recently reiterated that courts analyzing TRO requests are guided by four questions: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.' *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). 'The first two factors . . . are the most critical,' *Nken*, 556 U.S. at 434, and the last two steps are reached '[o]nce an applicant satisfies the first two factors.' *id.* at 435.

*State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017).

**A. Likelihood of Success on the Merits**

Defendants unsurprisingly maintain that they are likely to succeed on their Motion for Stay and Motion for Judgment. Dkt. #57 at 4. Yet Defendants do not make a strong showing and do not support their arguments with citations other than referring to the "March 29, 2018 papers." *Id.* Further, Plaintiffs' responses to those motions are not yet before the Court. The Court will not consider the merits of the motions in depth without responses or any arguments from Plaintiffs. Defendants cannot avoid the Court's normal course of consideration simply by filing a TRO. Nevertheless, even assuming that Defendants are likely to succeed on their motions, the Defendants have not demonstrated irreparable harm.

ORDER – 3

## B. Irreparable Harm

Defendants argues that if no TRO is issued, they will suffer irreparable harm because "discovery will proceed" and if the Court does not consider their Motion for Stay more quickly than mandated by the Court rules, it will be moot. Dkt. #57 at 5. These are not irreparable harms.

First, Defendants point to no cases granting such a stay under the irreparable harm standard. Defendants rely on *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*. 2014 U.S. Dist. LEXIS 194963 (W.D. Wash. 2014). But that case dealt with whether to stay the case—not issue a TRO—pending proceedings in the Ninth Circuit Court of Appeals. *Id.* Further, all of the parties supported at least a partial stay of the case and only varied with regard to the extent of the stay. *Id.* Under the equitable circumstances of that case, the court found a stay warranted, but that analysis does little to support Defendants' position here.

Likewise, Defendants rely on *V5 Techs., LLC v. Switch, Ltd.* 2017 U.S. Dist. LEXIS 174971 (D. Nev. 2017). There the Court granted an interim stay of discovery on its own accord solely because it preferred to delay consideration of a motion to stay discovery until the underlying motion to dismiss had been fully briefed. *Id.* But again, the Court was applying its broad discretionary power to control discovery, not considering a TRO. *Id.* Also, the motion to dismiss was clearly filed early in the case as the court notes that "the deadline for initial disclosures is upcoming, as is the response deadline for [] 92 requests for production." *Id.* at *2 n.1. In short, *V5 Techs.* applied a standard far short of irreparable harm, the posture of the case was significantly different, and there was a specific showing of the burden of pending discovery.

Second, the Court will not find that conducting discovery is, in and of itself, irreparable harm. Should discovery be overly onerous, the civil rules provide mechanisms for Defendants to protect themselves. *See* Fed. R. Civ. P. 26(c). The Court notes that Defendants did not seek

ORDER – 4

a protective order prior to the case deadline for filing discovery related motions. Dkt. #22. Further, the costs of discovery are not irreparable harm as the expenditure of money is generally not considered irreparable. *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010).

### C. Balance of Equities and the Public Interest

Given that the Court has determined that Defendants do not carry their burden of establishing irreparable harm and are therefore not entitled to a TRO, the Court need not reach the remaining elements. *State of Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017).[2]

### D. Alternate Test

Under the Ninth Circuit's alternative test for injunctive relief—that a movant has shown serious questions are raised and the balance of hardships tips sharply in its favor—the Court would reach the same conclusion as stated above for the same reasons. Accordingly, the Court concludes that Defendants have failed to meet either standard for injunctive relief at this time.

## IV. CONCLUSION

Accordingly, having reviewed Defendants' motion along with the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for a Temporary Restraining Order Staying Discovery on an Interim Basis Pending Decision on Motion for Stay of Discovery (Dkt. #57) is DENIED.

DATED this 3 day of April, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that TROs are generally intended to maintain the status quo until a hearing on the merits is possible. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Here, Defendants seek to alter the status quo established by the Court's scheduling order.

ORDER – 5