UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES LINDEN and RONALD LANDER, | CASE NO. C17-0966 RSM |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| v. | |
| X2 BIOSYSTEMS, INC., *et al.*, | |
| Defendants. | |

THIS MATTER comes before the Court on Plaintiffs' so-called Motion for Reconsideration. Dkt. #72. However, rather than ask for reconsideration of the Court's prior Order granting judgment on the pleadings, Plaintiffs now ask the Court to certify two questions of law to the Washington Supreme Court, and to allow leave to amend the Complaint to add new severance claims based on alleged newly-discovered evidence. *Id.* As further discussed below, the Court DENIES Plaintiffs' motion.

"Motions for reconsideration are disfavored." LCR 7(h). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). In this case, Plaintiffs fail to even mention this standard, let alone provide any argument or evidence that they can meet it. Instead, it appears they are improperly attempting to note their motion for the same day by characterizing both a motion to

ORDER
PAGE - 1

certify and a motion for leave to amend as one for reconsideration, in order to note the motion for the same day and avoid any response from Defendants. The Court does not look kindly on such actions.[1] For that reason alone, the Court denies the motion. LCR 7(h)(2) ("Failure to comply with this subsection may be grounds for denial of the motion.").

Moreover, even if the Court were to consider this motion as one for reconsideration, Plaintiffs have wholly failed to meet the applicable standard. Although they state that the certification of two questions regarding "just cause" to the state court are relevant to this action, they fail to show, or even discuss, manifest error in the prior ruling or how those questions would have changed the prior ruling. *See* Dkt. #72 at 3-5. In addition, they fail to demonstrate why such arguments could not have been made earlier with the exercise of due diligence. Likewise, although Plaintiffs also argue that leave to amend should be granted on the basis of newly-discovered evidence, they fail to provide copies of the documents on which they apparently rely or specifically identify how that would have affected the Court's prior ruling such that this Court would be able to make any reasoned analysis with respect to their assertions. Accordingly, for all of those reasons, Plaintiffs' Motion for Reconsideration (Dkt. #72) is DENIED.

DATED this 23rd day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that local counsel signed and filed the instant motion, and are charged with knowing the Court's Local Rules and ensuring that all filings comply with those Rules. LCR 83.1(d)(2). The Court expects local counsel to comply with those obligations, and reminds them that the failure to do so could result in sanctions.

ORDER
PAGE - 2