UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES LINDEN and RONALD LANDER, | ) <br> ) CASE NO. C17-0966 RSM <br> ) <br> ) ORDER DENYING DEFENDANTS' <br> ) MOTION FOR FEES AS PREMATURE <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | |
| v. | |
| X2 BIOSYSTEMS, INC., *et al.*, | |
| Defendants. | |

THIS MATTER comes before the Court on Defendants' Motion for Attorneys' Fees, Costs and Disbursements. Dkt. #74. Defendants assert that they are entitled to such expenses because they prevailed against Plaintiffs within the meaning of the "prevailing party" fee shifting provision of the Phantom Stock Agreements at issue in this action, which they argue is enforceable under RCW 4.84.330, through Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54(d)(5). *Id.* However, Defendants also acknowledge that this motion may be premature. *Id.* at 2. Plaintiffs oppose the motion for a number of reasons. Dkt. #81.

The Court also finds this motion to be premature. On May 9, 2018, the Court entered an Order granting Defendants' Motion for Judgment on the Pleadings and denying Plaintiffs' second Motion to Compel and Defendants' Motion to Stay Discovery as moot. Dkt. #70. In that Order, this Court found that Plaintiffs had been terminated for just cause as a matter of law, and accordingly dismissed Plaintiffs' Cause of Action One and Cause of Action Two which relied on

ORDER
PAGE - 1

the assertion that they had not been terminated for just cause. *Id.* at 9. However, this Court also granted Plaintiffs leave to amend their Complaint to re-allege causes of action in light of the Court's ruling. Dkt. #70 at 9 ("However, given Plaintiffs' argument in response to the instant motion regarding other compensation sought, and the fact that Plaintiffs' [sic] may be able to allege a cause of action even if termination was for just cause, Plaintiffs shall have the opportunity to correct those deficiencies should they believe they can do so, through the filing of an Amended Complaint."). The Court did not explicitly adjudicate Plaintiffs' Phantom Stock claims. *See* Dkt. #70. Further, the Court has not directed final entry of a judgment on its Order, or entered a separate judgment on the Phantom Stock claims under Federal Rules of Civil Procedure 54 and 58. Accordingly, Defendants' motion is premature.

For those reasons, Defendants' Motion for Fees (Dkt. #74) is DENIED without prejudice. By denying without prejudice, this Court makes no comment on the merits of the motion and/or its likelihood of success.

DATED this 14th day of June 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2